UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-21033-BLOOM/Otazo-Reyes**

CAMERON KELTS, and
JEFFREY SULLIVAN,

    Plaintiffs,

v.

KING OCEAN SERVICES, and
OSCAR CALDERON,

    Defendants.

_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of Plaintiffs Cameron Kelts and Jeffrey Sullivan's (collectively, "Plaintiffs") Complaint, ECF No. [1]. The Court has reviewed the Complaint, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the above-styled case is dismissed without prejudice.

Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). As such, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). Further, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410.

Case No. 22-cv-21033-BLOOM/Otazo-Reyes

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412)). "The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof." *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975).[1]

On April 6, 2022, Plaintiffs initiated this action against Defendants King Ocean Services and Oscar Calderon (collectively, "Defendants"). *See generally* ECF No. [1]. The Complaint alleges that this Court has jurisdiction over the claims pursuant to 28 U.S.C. § 1332(a)(1). *Id.* ¶ 5. The Complaint also alleges, in relevant part:

> 1. Plaintiff Kelts is *sui juris* before this Court and at all times material, was a resident of the State of Florida, Miami-Dade County.
> 2. Plaintiff Sullivan is *sui juris* before this Court and at all times material, was a resident of the State of Florida, Hillsborough County.
> 3. Defendant King Ocean is a for-profit entity, headquartered in Doral, Florida, and according to its website is a "Cargo Transportation Service specialized in various types of cargo containerized and general including, but not limited to raw materials, jewelry and clothing accessories, foodstuffs, refrigerated cargo, vehicles and parts, and construction machinery and building materials."
> 4. Defendant Calderon is *sui juris* before this Court, an adult over the age of 18, and at al1 times material herein, acted as a Broker working under the direction of Defendant King Ocean. Upon information and belief, Calderon is a citizen of Costa Rica.

*Id.* ¶¶ 1-4.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

Case No. 22-cv-21033-BLOOM/Otazo-Reyes

A review of the Complaint makes evident that Plaintiffs failed to allege complete diversity of citizenship. Plaintiffs are alleged to be residents of Florida and presumably citizens of Florida. *See* ECF No. [1] ¶¶ 1-2.[2] Defendant King Ocean Services is alleged to have its headquarters in Florida and is presumably a citizen of Florida. *See id.* ¶ 3. Therefore, the Court is powerless to continue. *See Univ. of S. Ala.*, 168 F.3d at 410.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The above-styled case is **DISMISSED WITHOUT PREJUDICE**.
2. The Clerk shall **CLOSE** this case.
3. Plaintiffs' Motion for Permission for Electronic Case Filing, **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] "Residency is necessary, but insufficient, to establish citizenship in a state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).